IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,                )| |
|     Respondent/Plaintiff,         )| |
| vs.                                                            )| No. 3:00-CR-0266-K (13) |
|                                            )| No. 3:04-CV-2714-K (BH) |
| FRANCISCO PENA,                             )| ECF |
| ID # 89166-079,                                  )| Referred to U.S. Magistrate Judge |
|     Movant/Defendant.              )| |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (government).

**B. Procedural History**

On September 6, 2000, a grand jury indicted movant for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. On January 10, 2001, movant pled guilty to that charge. On June 25, 2001, the Court held a sentencing hearing and sentenced movant to 120 months imprisonment; it entered judgment on June 29, 2001. Movant filed an appeal, which the Fifth Circuit Court of Appeals dismissed as frivolous.

On December 20, 2004, the Court received the instant *pro se* motion to vacate wherein movant asserts that he received ineffective assistance of counsel at sentencing when his attorney (1) failed to object to the criminal history calculation; (2) failed to request application of the "safety valve" under USSG § 5C1.2; (3) failed to object to being sentenced to the statutory minimum; and (4) failed to object to the drug quantity. Movant also submitted a request with supporting affidavit asking that the Court characterize the instant motion as an "Amended Complaint" because he purports to have filed a prior motion in March 2003, which was never docketed by the Court.

In its response to the motion to vacate, the government argues that the motion is untimely and without merit. Movant filed no reply brief.

## II. STATUTE OF LIMITATIONS

Movant contends that the instant motion to vacate is timely because he previously mailed the same motion to the Court in March 2003. On the other hand, respondent argues that the motion is untimely because movant filed it in December 2004 well after expiration of the one year period of limitations. With respect to movant's allegation that he had previously mailed the motion in March 2003, the government points out that movant provides no evidence of such mailing and that the purported 2003 mailing is not credible because the record reflects that movant simply mailed the instant motion in 2004 without any inquiries as to the status of his alleged prior action. Movant has filed no reply to explain how he knew that the Court had not received his alleged prior filing.

Although movant provides absolutely no support for his contention that he filed a prior motion in 2003, the Court need not make a credibility finding or a ruling on the limitations issue because, as argued by respondent, movant's ineffective assistance claims lack merit.

2

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts four claims of ineffective assistance at sentencing. To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *See id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To establish prejudice under *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the case of ineffective assistance at sentencing, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001). In other words, the movant must show that counsel's deficiencies created a reasonable probability that his sentence would have been less harsh. *See id.* Movants must "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Id.* at 695-96.

Movant claims that he received ineffective assistance of counsel at sentencing when his attorney (A) failed to object to the criminal history calculation; (B) failed to request application of the "safety valve" under USSG § 5C1.2; (C) failed to object to being sentenced to the statutory minimum; and (D) failed to object to the drug quantity.

**A.  Criminal History Calculation**

Movant argues that his attorney should have objected to the computation of his criminal history because the calculation considered convictions of a different individual. He asserts that he has no criminal history. However, he fails to show that the convictions used in his criminal history calculations are not properly attributed to him. He made no effort to explain at sentencing that the convictions were wrongly attributed to him. He has shown no basis for finding that his attorney knew or should have known that the convictions were for someone else. He has failed to overcome the strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"). This claim entitles movant to no relief under § 2255.

**B.  Safety Valve**

Movant also argues that his attorney should have requested application of the "safety valve" provision contained in USSG § 5C1.2. However, to be qualified for a safety-valve reduction, the defendant must have no more than one criminal history point. Because movant had four criminal history points and has not shown that those points were not properly accorded to him, his attorney

4

was not deficient in failing to request a safety-valve reduction. Attorneys are not required to raise frivolous matters to render effective assistance of counsel. This claim entitles movant to no relief under § 2255.

## C. Statutory Minimum Sentence

Movant next argues that his attorney should have objected when he was sentenced at the statutory minimum. He contends that he received a sentence reduction under USSG § 5K1.1, and that that section requires the Court to sentence him at the applicable guideline level rather than the statutory minimum. Section 5K1.1, however, does not mandate a sentence below the statutory minimum. As recognized in the application notes to that section, substantial assistance *may* justify a sentence below the statutory minimum. Movant makes no effort to show that the circumstances of his case justifies a lower sentence. He has shown no reasonable probability that had his attorney objected to his statutory minimum sentence the Court would have sentenced him to a lower sentence. In the absence of an affirmative showing of prejudice, this claim entitles movant to no § 2255 relief.

## D. Drug Quantity

Movant lastly argues that his attorney should have objected to the offense level of thirty-six because that level is based upon drugs which were not properly attributed to him. Movant's sentence, however, was based upon nineteen pounds of methamphetamine – the precise amount that he admitted in his factual resume that he and his co-conspirators distributed or possessed with intent to distribute between March and September 2000. He also admits in his factual resume that such drug quantity was "reasonably foreseeable" to him. Counsel had no basis to lodge an objection to the drug quantity used to calculate movant's sentence. An attorney need not assert frivolous or

5

meritless objections to render effective assistance. This claim entitles movant to no relief under § 2255.

## IV. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

**SIGNED this 28th day of June, 2007.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE